968

In the Matter of the Claim of CHARLES NOTARO, Respondent, against HOLY CROSS ROMAN CATHOLIC CHURCH SOCIETY and MARYLAND CASUALTY CO., Appellants. STATE INDUSTRIAL BOARD, Respondent.— The claimant was employed as a bricklayer by the employer Church Society on November 8, 1939. While engaged in his regular occupation, claimant fell from a ladder and as a result suffered injuries for which the award was made. The employer's first report of injury recited that the occupation of the claimant was that of a brick-layer; that he was injured in his regular occupation, and that his wages were twelve dollars per day for a five-day week. The report admitted that claimant had been employed one day when the accident occurred and that medical attention was provided by employer. Claimant was employed by the pastor of the church to fix the chimney of the church. He agreed to do the work on a basis of twelve dollars a day. He gave no definite price for the job. He was told to see the chimney and to fix it up. The cement and stone were provided by the church. The question is whether claimant was an independent contractor or an employee within the meaning of the Workmen's Compensation Law. The evidence makes it clear that he was an employee and not an independent contractor and the award should be affirmed. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of ROBERT L. REINHARDT, Respondent, against GUILFORD TOBEY, Appellant, and PERCY TUCKER. STATE INDUSTRIAL BOARD, Respondent.— Appeal by a non-insured employer from an award of the State Industrial Board in favor of claimant. The employer owned a number of houses in the city of Syracuse which he purchased and repaired and from which he derived an income. He also owned a ninety-acre tract on the outskirts of Syracuse. He sold a number of lots from that tract and financed the erection of houses thereon for purchasers. He was also engaged in constructing houses on these premises and employed a number of carpenters and laborers, one of whom was claimant. At the time claimant was injured his employer was constructing a house for one Tucker and claimant was employed on the job. The employer contends that claimant was an independent contractor. The State Industrial Board found that claimant was an employee. The evidence sustains the finding of the Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.